**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY COOK, | Civil No. 09-6523 (JBS) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION** |
| RAJIV K. SHAH, et al., | |
| Defendants. | |

SIMANDLE, District Judge:

1.   Stanley Cook, a prisoner incarcerated at South Woods State Prison, filed a Complaint (Dkt. 1) and an Amended Complaint (Dkt. 6-1) against Dr. Rajiv K. Shah, Dr. Abu Ahsan, Dr. Ihuoma Nwachuku, Lisa Renee Mills, Correctional Medical Services ("CMS") (the contract provider of medical services for state inmates), South Woods State Prison ("SWSP"), and New Jersey Department of Corrections.

2.   On December 28, 2010, this Court dismissed the federal claims raised in the Complaint, as amended, without prejudice to the filing of a second amended complaint against Correctional Medical Services, and declined to exercise supplemental jurisdiction over claims arising under state law.  (Dkt. 11, 12.) This Court dismissed the New Jersey Department of Corrections and South Woods State Prison with prejudice as defendants because they are not "persons" subject to suit under 42 U.S.C. § 1983. (Id. at 11.)  Although Plaintiff's medical needs were serious,

this Court dismissed the Eighth Amendment medical claims against Dr. Ahsan, Dr. Shah, Dr. Nwachuku, and Nurse Mills with prejudice because Plaintiff's allegations in the Complaint and Amended Complaint did not show that defendants were deliberately indifferent to his medical needs, since the allegations showed negligence at worst.  This Court dismissed Correctional Medical Services as defendant because Plaintiff's allegations failed to support the conclusion that the failure of a policymaker of CMS to institute specific policies caused violation of his constitutional rights.  However, this Court granted Plaintiff 30 days to file a second amended complaint stating a claim under 42 U.S.C. § 1983 against Correctional Medical services.

    3.  Plaintiff timely filed a Second Amended Complaint against Correctional Medical Services, Dr. Shah, Dr. Nwachuku, Dr. Ahsan, and Nurse Mills (Dkt. 19), and also filed a motion (Dkt. 23) for appointment of pro bono counsel.

    4.  In the Amended Complaint, Plaintiff essentially repeats the allegations in the Complaint and Amended Complaint. Specifically, he asserts the following facts in his Statement of Claim:

> On the date of December 17, 2007, Dr. Rajiv K. Shah, MD. did an exploratory surgery on the plaintiff for cancerous polyp in the large intestine by removing his intestines completely.  But he did not check to make sure that all arteries were secure before closing plaintiff back up.  As a result, plaintiff almost lost his life due to massive

>blood lost; which constitutes Medical Negligence of Malpractice.  On the date of December 22, 2007. Dr. Ihuoma Nwachuku, MD., was informed via phone call from the nurse on duty about the plaintiff's bleeding from his rectum area that caused the plaintiff to go in and out of consci[ous]ness.  She violated his eighth amendment by not taking his medical needs serious.  [E]ven after she was made aware of the plaintiff's condition by not releasing him to the hospital for proper treatment; which constitutes Medical Negligence of Malpractice.
>
>Dr. Abu Ahsan, MD. violated plaintiff's eighth amendment by not taking the plaintiff's medical condition serious[ly] after he learned that the plaintiff had lost a massive amount of blood on the date of 12-27-2007 at South Woods State Prison medical unit; which constitutes Medical Negligence of Malpractice . . . .
>
>Lisa Renee Mills, LP. violated the plaintiff's eighth amendment after she was informed by the physician about what he considered to be a cancer polyp in the plaintiff's rectum, she still prescribed the wrong medication; which constitutes Medical Negligence of Malpractice.
>
>C.M.S. violated the plaintiff's Constitutional rights and the plaintiff's eighth amendment, because the policy maker was aware of the doctors incompetent performance in the very first lawsuit brought against their company.  But they refused to change their policy and to take the inmate's condition serious.  The alleged inadequate performance of all their employees should be noted and they should be properly trained in the field.

(Dkt. 19 at 9-10.)

    5.   Plaintiff further asserts that CMS violated his federal rights under 42 U.S.C. § 1983 by "not having a policy set at the

prison for doctors to be on-call 24 hours, to tend to the serious medical needs of prison inmates."  (Dkt. 19 at 8.)

6.  Plaintiff seeks the following relief:  "Since the Federal Court has some supplemental jurisdiction to hear the plaintiff's claim under State Law, I'm pleading with the court to allow my claim to be granted under State Law.  Thank you for all your time and patience in this matter."  (Dkt. 19 at 11.)

7.  As Plaintiff had two opportunities (in the Complaint and Amended Complaint) to assert facts stating a federal claim under 42 U.S.C. § 1983 against the individual defendants (Shah, Nwachuku, Mills and Ahsan), and Plaintiff's allegations asserted negligence (at worst), which does not satisfy the deliberate indifference standard for an Eighth Amendment medical claim under § 1983, this Court's prior Opinion dismissed the federal claims against the individual defendants with prejudice.  Because the § 1983 claims against these defendants were dismissed with prejudice, and because the allegations against these defendants in the Second Amended Complaint repeat Plaintiff's prior allegations, this Court will again dismiss the federal claims against the individual defendants raised in the Second Amended Complaint with prejudice.[1]

---

[1] "To show deliberate indifference, a plaintiff must do more than simply allege medical malpractice or express disagreement regarding the treatment provided."  Watkins v. Cape May County Correc. Center (Medical Dept.), 240 Fed. App'x 985, 986 (3d Cir.
(continued...)

4

8.  This Court dismissed the § 1983 claim against CMS without prejudice.  In the Second Amended Complaint, Plaintiff alleges that CMS is liable under § 1983 for failing to have a doctor on call 24 hours per day, and failing to properly train the individual defendants, even though CMS should have been aware of their incompetence as a result of prior lawsuits.  (Dkt. 19 at 8, 10.)

9.  This Court's prior Opinion found that the alleged failure to have a policy by which a doctor is available 24 hours a day did not show deliberate indifference, since Plaintiff alleged that doctors Ahsan and Nwachukwu were available by telephone during the night time hours on December 22 and 2. (Dkt. 11 at 19.)

10.  Plaintiff's bare assertion that the entity CMS was aware of the incompetence of the individual defendants as a result of prior lawsuits is too conclusory to show that "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the [entity] is

---

[1](...continued)
2007) (citing Monmouth County Corr. Inst. Inmates, 834 F. 2d at 346).  "When a prisoner receives medical treatment and disputes the adequacy of that treatment, [federal courts] are reluctant to second guess the doctor's medical judgment. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir.2004).  Mere disagreements between the prisoner and the treating physician over medical treatment do not rise to the level of 'deliberate indifference.' See Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir.1987)."  Quinn v. Dietman, 413 Fed. App'x 419, 422 (3d Cir. 2011).

so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to that need." Natale v. Camden County Correctional Facility, 318 F. 3d 575, 584 (3d Cir. 2003). Plaintiff does not assert facts showing that any individual defendant was previously sued and found to be deliberately indifferent or even negligent; nor does he assert facts showing prior instances of allegedly inadequate performance by these defendants that was made known to policymakers for CMS.

  11. Accordingly, the § 1983 claim in the Second Amended Complaint against CMS will be dismissed because Plaintiff has failed to assert facts supporting the conclusion that the failure of a policymaker of CMS to institute specific policies caused violation of his constitutional rights. See Smith v. Merline, 719 F. Supp. 2d 438, 449 (D.N.J. 2010) ("Plaintiff seems to suggest that because Defendants Connors and Neal (perhaps along with other CFG staff members) were able to allegedly repeat unconstitutional conduct there must be some inadequate unconstitutional policy or custom. It cannot be the case that in all circumstances where employees repeatedly violate the Constitution the employer may be found liable. A rogue employee may succeed in evading even the most efficient policies and customs designed to avoid constitutional injury").

12.  This Court is dismissing the Second Amended Complaint for failure to state a claim upon which relief may be granted. This Court thoroughly explained the law to Plaintiff in its prior Opinion which dismissed the original Complaint and the Amended Complaint.  Plaintiff's attempt to cure the defects noted in this Court's prior Opinion failed to state a federal claim against CMS or any individual defendant.  This Court finds that further attempts to amend would be futile.

13.  This Court declines Plaintiff's request to exercise supplemental jurisdiction over negligence or other claims arising under New Jersey law and expresses no opinion regarding claims for negligence against the various defendants that may arise under New Jersey law; nothing in this Opinion prevents Plaintiff from filing a complaint and pursuing relief in the New Jersey Superior Court.

14.  As this Court is dismissing the Second Amended Complaint with prejudice, this Court denies Plaintiff's motion (Dkt. 23) for appointment of pro bono counsel as moot.

15.  An appropriate Order accompanies this Memorandum Opinion.

                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        U.S. District Judge

Dated:   **August 4**         , **2011**